REYNOLDS, APPELLANT, *v.* JONES ET AL., RESPONDENTS.

(No. 3,728.)

(Submitted January 25, 1917.   Decided February 16, 1917.)

[163 Pac. 469.]

*Appeal and Error—New Trial Order—Insufficiency of Evidence*
*—Discretion.*

Appeal and Error—New Trial Order—Affirmance, When.
  1.   An order sustaining a motion for new trial general in terms will
  be approved if it can be justified upon any one of the several
  grounds upon which it is made.
Same—New Trial—Insufficiency of Evidence—Discretion.
  2.   Where abuse of discretion on the part of the district court in
  granting a new trial on the ground, among others, of insufficiency
  of the evidence to justify the verdict, is not shown, it will stand affirmed.

    [As to whether order for new trial improperly made on one
    ground will be sustained on appeal, where it appears that movant
    was entitled to new trial on another ground, see note in Ann. Cas.
    1913B, 495.]

*Appeal from District Court, Yellowstone County; Geo. W.*
*Pierson, Judge.*

ACTION by Margaret E. Reynolds against Frank N. Jones and
wife.   From an order granting a new trial, plaintiff appeals.
Affirmed.

Cause submitted on briefs of counsel.

*Mr. C. R. Ingle,* for Appellant.

*Messrs. Nichols & Wilson,* for Respondents.

Negligence must be shown; it will not be presumed. (*Reino* v. *Montana Min. Land Dev. Co.,* 38 Mont. 291, 99 Pac. 853.) And plaintiff, suing for a personal injury negligently inflicted, has the burden of proving defendants' negligence. (*Byrnes* v. *Butte Brewing Co.,* 44 Mont. 328, Ann. Cas. 1913B, 440, 119 Pac. 788.) As a general proposition, a party who charges negligence as a ground of action must prove it. He must show that the defendant by his act or by his omission has violated some duty incumbent upon him, and thereby caused the injury complained of. (*Mitchell* v. *Chicago etc. Ry.,* 51 Mich. 236, 47 Am. Rep. 566, 16 N. W. 388; *Atkinson* v. *Goodrich Trunsp. Co.,* 69 Wis. 5, 31 N. W. 164; *Hayes* v. *Michigan Cent. R. Co.,* 111 U. S. 228, 28 L. Ed. 410, 4 Sup. Ct. Rep. 369.) If the injury arises from a casualty purely accidental, the party is necessarily left to bear it. It is not enough to show merely that an accident happened, and that injury resulted therefrom. And when an event takes place, the real cause of which cannot be traced, or is at least not apparent, it ordinarily belongs to that class of occurrences which are designated as purely accidental, and the party who asserts negligence must show enough to exclude the case from the class so designated. (*Lewis* v. *Flint & P. M. Ry.,* 54 Mich. 55, 52 Am. Rep. 790, 19 N. W. 744; *Bennett* v. *Ford,* 47 Ind. 264; *Wabash etc. Ry. Co.* v. *Locke,* 112 Ind. 404, 2 Am. St. Rep. 193, 14 N. E. 391.) In order that liability may attach for injury occasioned by something not inherently dangerous or defective which is found upon the grounds of, or in use by, one who is under a qualified obligation to the injured person, it must be shown that the defendant either knew, or that by the exercise of such reasonable skill, vigilance and sagacity as are ordinarily possessed and employed by persons experienced in the particular business to which the thing pertains, he should have known, of its dangerous and defective condition, and that the natural and probable consequence of its use would be to produce injury to someone. (*Wabash etc. Ry. Co.* v. *Locke, supra; Curran* v. *Warren etc. Mfg. Co.,* 36 N. Y.

153; *Nason* v. *West,* 78 Me. 253, 3 Atl. 911; *Dubois* v. *Kingston,* 102 N. Y. 219, 55 Am. Rep. 804, 6 N. E. 273.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The plaintiff, while leaving the Star Theater in Billings, was injured by a billboard falling against her. She brought this action to recover damages and secured a favorable verdict. The lower court granted a new trial, and plaintiff appealed from the order.

The motion for a new trial was made upon all the statutory [1, 2] grounds, and the order sustaining it is general in terms. If the order can be justified upon any of the grounds, it must be approved. (*Scott* v. *Waggoner,* 48 Mont. 536, L. R. A. 1916C, 491, 139 Pac. 454.) One ground of the motion is insufficiency of the evidence to justify the verdict. There was not any evidence to disclose what caused the billboard to fall, and plaintiff relied upon a presumption of negligence invoking the maxim *res ipsa loquitur.* The defendants offered evidence tending to show the degree of care exercised by them with reference to the billboard. The presumption on the one hand, and the evidence on the other, at least raised an issue as to whether defendants were guilty of actionable negligence. The burden was upon the plaintiff to sustain the affirmative of this issue by a preponderance of the evidence, and though the presumption had the force and effect of evidence, if, upon the whole case made, the trial court was of the opinion that plaintiff had failed to sustain the burden thus imposed, the duty devolved upon it to grant a new trial. (*Hamilton* v. *Monidah Trust,* 39 Mont. 269, 102 Pac. 335.) The application was addressed to the sound, legal discretion of the court below, and its order is subject to review only for an abuse of that discretion. An examination of the record fails to disclose any such abuse, and for this reason the order is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.